Grace D. McKenna and Edwin V. Hellawell, as Executrix and Executor, Respectively, etc., of Henrietta F. Lamerdin, Deceased, Plaintiffs, Respondents, v. The Williamsburgh Savings Bank, Defendant; Mary A. Lamerdin and John P. Lamerdin, Jr., as Executors, etc., of John P. Lamerdin, Deceased, Appellants; Church of The Holy Child Jesus, Anna Miller, Vera Hellawell, Grace D. McKenna, Violet H. Hellawell, Thomas H. Hellawell, William H. Hellawell and Edwin V. Hellawell, Defendants, Respondents.— Action by the executors of the estate of Henrietta F. Lamerdin, deceased, to recover assets alleged to be the property of said estate. Judgment for plaintiffs adjudging that they recover proceeds of a bank account, dismissing counterclaims on the merits, with the exception of one which was dismissed without prejudice, and adjudging that certain enumerated assets are the property of the estate of Henrietta F. Lamerdin, deceased, unanimously affirmed, with costs. There

was no proof that decedent and John P. Lamerdin had made a contract to die intestate. Breach by decedent of a contract to make a will resulted in no damage to John P. Lamerdin as the contract contemplated revocation of such will long prior to the death of decedent. · Testimony with respect to an alleged gift was properly rejected and there was no identification of its subject-matter. Under the circumstances, the canceled checks of John P. Lamerdin created no presumption of payment by him of expenses of maintenance of properties held by decedent and himself as tenants in common or as tenants by the entirety. Nor was there any proof of an agreement between the parties whereby the decedent would be liable therefor. The showing with respect to parcels 9601–9603 Metropolitan avenue, borough of Queens, was insufficient to show title in John P. Lamerdin. Title to the assets enumerated in the judgment as belonging to the estate of Henrietta F. Lamerdin was one of the issues of the trial and was properly adjudicated in accordance with the stipulation of the parties. Had the judgment not contained an adjudication thereof, we would be required to modify it by incorporating a similar provision therein. The admission of the letters of decedent was erroneous, but immaterial, as they did not affect the result. The testimony of Vera Hellawell was properly received as rebuttal of proof offered by appellants that decedent had died intestate, even though that issue had been resolved by the admission of the will to probate. In the absence of a showing of an agreement to die intestate, all such proof was immaterial. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.